UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUAN GUZMAN RIOS, *et al.*,

                              Plaintiffs,

              -against-                          **REPORT AND RECOMMENDATION**
                                                  23 CV 8036 (PKC) (CLP)

DAR YEMMA CORP., SABER
BOUTERAA,

                              Defendants.
-----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      On October 27, 2023, plaintiffs Juan Guzman Rios and Bryan Steven Rojana Ciudadania

commenced this action against defendants Dar Yemma Corp. ("Dar Yemma") and Saber

Bouteraa ("Bouteraa"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206,

216(b) ("FLSA"), the New York Labor Law, N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq.

("NYLL"), and the supporting New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146

("Hospitality Wage Order").  (ECF No. 1).  Plaintiffs filed an Amended Complaint on February

8, 2024, adding two named plaintiffs, Yamna Enmar and Mohamed Fekkah, and additional

factual allegations, including allegations under the FLSA brought on behalf of other similarly

situated employees.  (Am. Compl.[1])

      Currently pending before this Court on referral from the district judge is defendant

Bouteraa's motion to vacate the default entered against him on July 10, 2024.  (ECF No. 29).

For the reasons set forth below, the Court respectfully recommends that defendant Bouteraa's

---

[1] Citations to "Am. Compl." refer to plaintiffs' Amended Complaint, filed on February 8, 2024 (ECF No. 13).

motion be denied without prejudice unless defendant submits the appropriate documentation detailed below by **December 2, 2024**.

FACTUAL BACKGROUND

In their Amended Complaint, plaintiffs allege that they were employed at various times and in various capacities as dishwashers, food preparers, cooks, and cleaners at defendant Dar Yemma, a restaurant located at 2521 Steinway Street, Astoria, N.Y. 11103. (Am. Compl. ¶¶ 1,7-10, 21-22, 35-36, 49-50, 63-64). Defendant Bouteraa is alleged to be the owner of Dar Yemma, responsible for overseeing the day-to-day operations of the restaurant, including all personnel decisions, such as determining employees' payroll, hiring and firing employees, and maintaining employment records. (Id. ¶¶ 13, 15, 16, 17, 18). Bouteraa and Dar Yemma are alleged to be employers within the meaning of the FLSA and NYLL. (Id. ¶¶ 19-20).

Plaintiffs allege that throughout the course of their employment at Dar Yemma, they were required to work more than 40 hours per week on a regular basis, each receiving a flat weekly rate and never being paid time and a half for all hours worked over 40 in a week. (Id. ¶¶ 23-27, 38-42, 51-55, 65-69). In addition to alleging violations of the overtime provisions of the FLSA and NYLL, plaintiffs allege that they were not paid at all for a number of days they worked (id. ¶¶ 29, 43, 57, 70), and they allege violations of the wage notice and wage statement requirements of the NYLL, along with specific concrete harm resulting from that lack of notice. (Id. ¶¶ 30-34, 44-48, 58-62, 71-75). Plaintiffs Rios and Enmar[2] also allege that they did not receive spread-of-hours pay for days when they worked more than 10 hours. (Id. ¶¶ 28, 56).

---

[2] Although the Third Cause of Action alleges a violation of the NYLL spread-of-hours provision, only plaintiffs Rios and Enmar appear to raise specific allegations that they did not receive the required spread-of-hours pay. (Id. ¶¶ 28, 56).

The Complaint asserts claims of overtime and unpaid wages violations under the FLSA and NYLL (Causes of Action I, II, IV, V), and spread-of-hours pay, recordkeeping, wage notice violations under the NYLL (Causes of Action III, VI, VII).

PROCEDURAL HISTORY

Plaintiffs served the initial Complaint on defendant Bouteraa on November 2, 2023, by delivering the summons and Complaint to defendant's co-worker, Iannes Zedad, at Dar Yemma, defendant's actual place of business. (ECF No. 9). A copy was then mailed to the same address on November 7, 2023. (Id.) Plaintiffs served defendant Dar Yemma on November 16, 2023, through an Authorized Agent in the Office of the Secretary of State of the State of New York. (ECF No. 10). Neither defendant Bouteraa nor defendant Dar Yemma filed an answer or otherwise responded to the Complaint.

On February 8, 2024, plaintiffs filed the Amended Complaint. (Am. Compl.) Defendant Dar Yemma was served on February 23, 2024, again through service on the Office of the Secretary of State of the State of New York. (ECF No. 20). According to the affidavit of the process server, he made several unsuccessful attempts on March 2, March 4, and March 18, 2024 to serve the Amended Complaint upon defendant Bouteraa at 1202 Astoria Boulevard, Apt. 3B, Astoria, N.Y. 11102. (ECF No. 21). On March 27, 2024, unable to serve anyone at that location, the process server affixed a copy of the amended summons and Amended Complaint to the door of that location; on the following day, March 28, 2024, he also mailed a copy of each to the same address, which he believed to be defendant's last known address, all in accordance with the "nail and mail" procedure permitted under New York law. (Id.) See also N.Y. C.P.L.R. § 308(4). In his affidavit, the process server notes that he had been unable to confirm defendant Bouteraa's place of employment. (ECF No. 21).

3

Defendant Bouteraa was required to answer or otherwise respond to the Amended Complaint by April 17, 2024. On April 16, 2024, defendant Bouteraa submitted a letter to the Court requesting an extension of time to find counsel. (ECF No. 22). The return address listed on defendant's letter was 1333 Shore District Dr., Austin, T.X. 78741. (Id.) Bouteraa's letter also provided an email address and a telephone number. (Id.) On April 23, 2024, this Court granted an extension of time for defendants to file an answer until May 15, 2024. (Electronic Order dated April 23, 2024).

When neither defendant filed an answer to the Amended Complaint by the May 15 deadline, plaintiffs filed a request for a certificate of default on July 8, 2024. (ECF No. 26). The Clerk then entered a default on July 10, 2024 as to both defendants. (ECF No. 27).

On July 18, 2024, defendant Bouteraa submitted a letter asking for leave to file a motion to set aside the default. (ECF No. 29). The letter explained that "[a]s a resident of Texas, I did not receive the court papers at the address listed because I do not reside in New York City." (Id.) He further stated that he is representing himself in the matter and does not have an attorney, but upon learning of the entry of default, he "sought guidance to address this issue promptly and properly." (Id.) In the letter, he claims that he has "valid defenses" to plaintiffs' claims and is prepared to participate diligently in the proceedings. (Id.)

On July 25, 2024, the Honorable Pamela K. Chen construed defendant Bouteraa's letter as a motion to vacate the default entered against him and referred that motion to the undersigned. (Order dated July 25, 2024). On July 30, 2024, this Court Ordered plaintiffs to respond to defendant's motion by August 7, 2024, with a reply from defendant Bouteraa due by August 12, 2024. (ECF No. 30). Plaintiffs served a responsive letter dated August 7, 2024, asserting that defendant Bouteraa had been properly served with the amended summons and Amended

4

Complaint, and that plaintiffs' counsel made several attempts to establish contact with defendant

Bouteraa without success.  (ECF No. 31 at 2).  Plaintiffs also objected to defendant's request to

set aside the default, arguing that he had not raised any meritorious defenses to the claims and

had not provided any basis for excusing his failure to file a timely answer.  (Id. at 3).  Plaintiffs

urged the Court to require defendant "to file a motion that explains why, under the standards set

forth in Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993), a belated answer is

permissible, and why a default should not be entered."  (Id. (citing cases)).

Although the Court's Order gave defendant Bouteraa an opportunity to file a reply in

response to plaintiffs' letter, nothing further was received from Bouteraa.  Indeed, all mailings

related to defendant's motion, which were sent to the Texas mailing address that defendant listed

in his most recent letters, were returned to the Court marked "Return to Sender," "Insufficient

Address," and "Unable to Forward."  (ECF Nos. 32, 33).  However, copies of this Court's Order

were also transmitted via the email address provided by defendant; the emails did not bounce

back, leading the Court to conclude that if the email address was accurate, defendant should have

received the documents.

## DISCUSSION

In seeking to vacate the default that was previously entered in this case, defendants must

file a motion to vacate the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

A motion to vacate a default must include:

(1) A notice of motion, or an order to show cause signed by the court, that specifies
    the rules or statutes under which the motion is brought and the relief sought;

(2) A memorandum of law, setting forth the cases and other authorities relied on in
    support of the motion, and divided, under appropriate headings, into as many
    parts as there are issues to be determined; and

(3) Supporting affidavits and exhibits thereto containing any factual information and
    parts of the record necessary for the decision of the motion.

Local Civ. R. 7.1(a).

Failure to comply with the local filing requirements, "standing alone, is sufficient cause for . . . denying a motion." Avillan v. Donahoe, No. 13 CV 509, 2015 WL 728169, at *6-*7 (S.D.N.Y. Feb. 19, 2015) (quoting Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000)); see also Cardoza v. Mango King Farmers Mkt. Corp., No. 14 CV 3314, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015) (explaining that a court "may deny [a] motion" for failure to comply with local filing rules but "is not required to do so"), report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015). While district courts retain broad discretion to excuse or overlook a party's failure to comply with the local rules, they typically will not do so unless the "interests of justice" support that approach. See, e.g., Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., 2000 WL 964944, at *4 (declining to grant plaintiff's motion for summary judgment as a result of defendant's failure to comply with Local Civ. R. 7.1(a) in the interest of justice).

The main factors for the Court to consider in deciding whether to vacate a default under Rule 55(c) are "whether the default was willful, whether setting [the default] aside would prejudice the adversary, and whether a meritorious defense is presented." Shariff v. Amanda Realty, Inc., No. 11 CV 2547, 2013 WL 5522444, at *6 (E.D.N.Y. Sept. 30, 2013) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981)). Other relevant equitable factors may also be considered, such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Id. The party seeking relief from an entry of default bears the burden of proof. Aetna Life Ins. Co. v. Licht, No. 03 CV 6764, 2004 WL

2389824, at *3 (S.D.N.Y. Oct. 25, 2004) (quoting In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985)).

In defendant Bouteraa's April 16, 2024 letter requesting an extension of time to answer or otherwise respond to the Complaint, he reasoned that the extension would "allow [him] adequate time to secure legal representation," which he believed to be "crucial to ensuring a fair and just resolution in this case." (ECF No. 22). After failing to answer and having a default entered against him, Bouteraa's letter motion to vacate the default fails to address specific steps, if any, that he took to find an attorney following service of the Complaint and notice of the entry of default, except to state that he "immediately sought guidance to address this issue promptly and properly" (ECF No. 29); efforts to engage an attorney are relevant to the question of willfulness. See, e.g., Martinez v. Feliks & Sons Storage Tank Corp., No. 21 CV 3613, 2022 WL 18859073, at *7 (E.D.N.Y. Nov. 1, 2022) (finding defendant did not willfully default where defendant's testimony revealed that "he made diligent efforts to reach out to various attorneys to engage them . . . but none agreed to take the case"). Nor has Bouteraa demonstrated a sufficiently meritorious defense by presenting evidence of facts that, "if proven at trial, would constitute a complete defense." Id. See also Shariff v. Amanda Realty, Inc., 2013 WL 5522444, at *8. In sum, Bouteraa's one-page letter motion (ECF No. 29) does not provide the Court with sufficient information to adequately weigh the factors relevant to a request to vacate default. See, e.g., Cea v. Access 23 TV, No. 11 CV 3791, 2015 WL 5474070, at *3 (S.D.N.Y. Sept. 15, 2015) (declining to deny defendant's non-compliant motion with prejudice where "[i]n essence, [d]efendant asks the [c]ourt to hunt through the record to determine which [evidence . . . ] could be applicable to the instant motion").

Given the "oft-stated preference for resolving disputes on the merits," rather than by way of default, <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d at 95-96, defendant Bouteraa will be permitted one final opportunity to formally move to vacate the Clerk's entry of default in this case. Bouteraa shall have until **December 2, 2024** to do so. No extensions of that deadline will be granted. Plaintiffs may file a response to Bouteraa's formal motion on or before **December 23, 2024**, and Bouteraa may file a reply on or before **January 9, 2025**.

The Court notes that with respect to defendant Dar Yemma, corporations may not appear in federal court in the absence of counsel. <u>See, e.g.</u>, <u>Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.</u>, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (noting that "it is well-established that a corporation may not appear in the Second Circuit unless represented by counsel" (citing <u>Shapiro, Bernstein & Co. v. Cont'l Record Co.</u>, 386 F.2d 426, 427 (2d Cir.1967) (per curiam))). If defendants seek to vacate the default against Dar Yemma, they must obtain counsel.

As stated above, if defendant Bouteraa fails to file a formal motion to vacate the default against him by **December 2, 2024**, the Court respectfully recommends that his motion be denied without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); <u>see also</u> Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See, e.g.</u>, <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system, by mail, and by email to defendant Bouteraa.

**SO ORDERED.**

Dated: Brooklyn, New York
      November 15, 2024                   /s/ Cheryl L. Pollak
                                           Cheryl L. Pollak
                                           United States Magistrate Judge
                                           Eastern District of New York