UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JUAN GUZMAN RIOS, *et al.*,

                      Plaintiffs,

           -against-

DAR YEMMA CORP., *et al.*,

                      Defendants.
---------------------------------------------------------X

                            **ORDER**
                      23 CV 8036 (pkc) (CLP)

**POLLAK**, United States Magistrate Judge:

On October 27, 2023, plaintiffs Juan Guzman Rios and Bryan Steven Rojana Ciudadania ("plaintiffs") commenced this action against defendants Dar Yemma Corp. ("Dar Yemma") and Saber Bouteraa ("Bouteraa"), seeking to recover damages for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and New York Labor Law ("NYLL") § 652 and 12 N.Y.C.R.R. §§ 137-1.3 *et seq.*, failure to pay spread-of-hours wages under the NYLL, failure to pay wages for hours worked in violation of the FLSA and NYLL, and for violations of the notice and recordkeeping requirements and wage statement requirements of the NYLL. NYLL §§ 195(1), (3). (Compl.).[1] On February 8, 2024, plaintiffs filed an Amended Complaint, adding Yamna Enmar and Mohamed Fekkak as plaintiffs. (Am. Compl.).[2]

Currently pending before this Court is plaintiffs' Motion for Default Judgment (ECF No. 39) and defendant Bouteraa's March 7, 2025, motion to vacate the default. (ECF No. 43). For the reasons set forth below, the Court reserves issuing a recommendation on either motion pending contact from defendant Bouteraa.

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed October 27, 2023 (ECF No. 1).
[2] Citations to "Am. Compl." refer to plaintiffs' Amended Complaint, filed February 8, 2024 (ECF No. 13).

FACTUAL BACKGROUND

In plaintiffs' Amended Complaint, filed on February 8, 2024, plaintiffs allege that defendant Dar Yemma is a New York corporation, with a principal executive office located at 2521 Steinway Street, Astoria, NY 11103.  (Am. Compl. ¶ 11).  Defendant Bouteraa is alleged to be the owner and operator of Dar Yemma, with the power and authority over the daily operations of Dar Yemma, personnel decisions, payroll decisions, and the work schedules, as well as the exclusive power to hire and fire employees.  (Id. ¶¶ 13, 15-18).

Plaintiffs further allege that they were employed by defendants at various times between October 2022 until August 2023, in various positions, including dishwasher, food preparer, cook, and cleaner.  (Id. ¶¶ 7-10, 21, 22, 35, 36, 49, 50, 63, 64).  They each allege that although they worked more than 40 hours per week, they were paid a flat rate for all work performed and were never paid time and a half in violation of the overtime requirements of the FLSA and NYLL.  (Id. ¶¶ 23-27, 38-41, 51-55, 65-69).  They also allege that they regularly worked more than 10 hours per day and were not paid for the extra hour as required by the spread-of-hours provision of the NYLL,[3] and they were not paid at all for certain periods of time.  (Id. ¶¶ 28, 29, 42, 43, 56, 57, 70).  Plaintiffs further allege that defendants failed to post notices of the minimum and overtime wage requirements in conspicuous places at the place of employment, nor were they provided with wage notices at the time of hire or with accurate wage statements as required by the NYLL.  (Id. ¶¶ 30-32, 44-46, 58-60, 71-73).  In addition to their claims brought under the FLSA and NYLL, plaintiffs brought collective action claims on behalf of other similarly situated employees.  (Id. ¶¶ 81-92).

---

[3] Plaintiff Fekkak does not appear to be alleging a spread-of-hours claim. (See Am. Compl. ¶¶ 63-75).

PROCEDURAL HISTORY

On July 8, 2024, following service of the Amended Complaint, plaintiffs requested that the Clerk of Court enter a default against defendants Dar Yemma Corp. and Saber Bouteraa for their failure to answer or otherwise respond to the Complaint or the Amended Complaint. (ECF No. 26). On July 10, 2024, the Clerk of Court entered a default against Dar Yemma and Bouteraa. (ECF No. 27).

On July 18, 2024, defendant Bouteraa, proceeding *pro se*, submitted a letter to the Court, indicating that because he is a resident of Texas, he did not receive service of the court papers that were sent to his New York address. (ECF No. 29). He noted that he was representing himself and asked permission to file a motion to set aside the default, arguing that he had valid defenses to plaintiffs' claims. (Id.)

On July 25, 2024, the defendant's letter motion to vacate was referred to the undersigned, who set a schedule for plaintiffs' response and Bouteraa's reply. (ECF No. 30). On November 15, 2024, this Court issued a Report and Recommendation, recommending that if defendant Bouteraa failed to file a formal motion to vacate by December 2, 2024, the motion to vacate should be denied without prejudice. (ECF No. 34). On December 20, 2024, the district court issued an Order adopting this Court's Report and Recommendation, noting that defendant Bouteraa had failed to file a formal motion to vacate by the date set – December 2, 2024 – and denying the motion to vacate without prejudice. (Order, dated December 20, 2024). The court then Ordered plaintiffs to file a motion for default judgment by February 21, 2025. (Order, dated December 23, 2024).

3

Plaintiffs were then given an extension of time and ultimately filed their Motion for Default Judgment against all defendants on March 5, 2025. (ECF No. 39). That motion was then referred to the undersigned on March 7, 2025. (Order, dated March 7, 2025). On March 7, 2025, defendant Bouteraa filed a second letter motion to vacate the motion for default judgment against all defendants.[4] (ECF No. 43). That motion to vacate was then referred to the undersigned on March 10, 2025. (Order, dated March 10, 2025).

<u>DISCUSSION</u>

In his March 7, 2025, letter motion, defendant acknowledges that the court had previously denied his motion to vacate due to his failure to file a formal motion. (ECF No. 43 at 1). However, he explains that during the time leading up to the deadline, he "faced significant personal hardships that affected his ability to secure legal counsel and properly prepare his motion. These circumstances were beyond his control and were not an attempt to delay or evade the judicial process." (<u>Id.</u> at 2). He argues that the default was not willful, but rather "due to personal life events," and he notes that he made previous efforts to communicate with the Court, showing that he did not willfully ignore the case. (<u>Id.</u> at 2, 3).

He also contends that claims made against him are false and, "[i]f given the opportunity, [he] can present evidence that will prove [his] innocence" and demonstrate that he should not be

_____

[4] The Court notes that although defendant Bouteraa purports to move to vacate the default entered against all defendants, including the corporate entity Dar Yemma, corporations cannot proceed in federal court unless represented by counsel. <u>See Rowland v. Cal. Men's Colony</u>, 506 U.S. 194, 202 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); <u>Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.</u>, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (noting that "it is well-established that a corporation may not appear in the Second Circuit unless represented by counsel" (citing <u>Shapiro, Bernstein & Co. v. Cont'l Record Co.</u>, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam))). Thus, any motion to vacate the default entered against Dar Yemma can only be made once the corporation obtains representation; defendant Bouteraa cannot move to vacate the corporate default.

4

held liable.  (<u>Id.</u> at 3).  Finally, he contends that plaintiffs will not be unfairly prejudiced since "[t]here has been no significant delay that would impact their ability to present their case."  (<u>Id.</u>)

Since February 21, 2025, the court has attempted on three separate occasions to send copies of Orders to Mr. Bouteraa at his address in Texas.  All three have been returned to the Court as undeliverable.  (ECF Nos. 44, 45, 46).  Moreover, since the March 7, 2025 letter, the Court has not heard anything further from defendant Bouteraa and he has not contacted the Court to update his address.

Accordingly, the Court hereby Orders Mr. Bouteraa to contact this Court by September 22, 2025 with a proper address for service or the Court will recommend that the March 7, 2025 motion to vacate be denied with prejudice and the Court will proceed to consider the papers submitted by plaintiffs in support of their motion for default judgment.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  Brooklyn, New York
        September 8, 2025

                              /s/ Cheryl L. Pollak
                              Cheryl L. Pollak
                              United States Magistrate Judge
                              Eastern District of New York

5