UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JUAN GUZMAN RIOS, *et al.*,

                        Plaintiffs,

         -against-

DAR YEMMA CORP. *et al.*,

                        Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23 CV 8036 (PKC) (CLP)

**POLLAK**, United States Magistrate Judge:

      On October 27, 2023, plaintiffs Juan Guzman Rios and Bryan Steven Rojana Ciudadania commenced this action against defendants Dar Yemma Corp. ("Dar Yemma") and Saber Bouteraa ("Bouteraa" or "defendant"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207(a)(1), 216(b) ("FLSA"), the New York Labor Law, N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and the supporting New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. §§ 137-1.3 et seq., 142-2.4, 146 ("Hospitality Wage Order"). (ECF No. 1). Plaintiffs filed an Amended Complaint on February 8, 2024, adding two named plaintiffs, Yamna Enmar and Mohamed Fekkah, and additional factual allegations, including allegations under the FLSA brought on behalf of other similarly situated employees. (Am. Compl.[1]).

      Currently pending before this Court on referral from the district judge is plaintiffs' motion for default judgment against all defendants, filed on March 5, 2025. (ECF No. 39). Also before the Court is defendant Bouteraa's Renewed Motion to Vacate Default Judgment, filed on

---

[1] Citations to "Am. Compl." refer to plaintiffs' Amended Complaint, filed on February 8, 2024 (ECF No. 13).

1

March 7, 2025. ("Def. Mot.[2]"). Both motions have been referred to the undersigned to prepare a Report and Recommendation. (See ECF Order dated March 7, 2025; ECF Order dated March 10, 2025).

For the reasons set forth below, the Court respectfully recommends that defendant Bouteraa's Renewed Motion to Vacate Default be denied. The Court reserves decision on the plaintiffs' motion for default judgment pending the district court's review of this Report and Recommendation.

FACTUAL BACKGROUND

In their Amended Complaint, plaintiffs Rios, Ciudadania, Enmar, and Fekkah allege that they were employed at various times and in various capacities as dishwashers, food preparers, cooks, and cleaners at defendant Dar Yemma, a restaurant located at 2521 Steinway Street, Astoria, NY 11103. (Am. Compl. ¶¶ 1, 7-10, 21-22, 35-36, 49-50, 63-64). They allege that defendant Bouteraa is the owner of Dar Yemma, responsible for overseeing the day-to-day operations of the restaurant, including all personnel decisions, such as determining employees' payroll, hiring and firing employees, and maintaining employment records. (Id. ¶¶ 13, 15, 16, 17, 18). Bouteraa and Dar Yemma are alleged to be employers within the meaning of the FLSA and NYLL. (Id. ¶¶ 19-20).

Plaintiffs allege that throughout the course of their employment at Dar Yemma, they were required to work more than 40 hours per week on a regular basis, each receiving a flat weekly rate and never being paid time and a half for all hours worked over 40 in a week. (Id. ¶¶ 23-27,

---

[2] Citations to "Def. Mot." refer to defendant Bouteraa's pending "Renewed Motion to Vacate Default Judgment," filed on March 7, 2025 (ECF No. 43). As discussed infra, the Court construes this Motion as Bouteraa's second motion to vacate the Clerk's entry of default against him.

2

38-42, 51-55, 65-69).  In addition to alleging violations of the overtime provisions of the FLSA and NYLL, plaintiffs allege that they were not paid at all for a number of days in which they worked.  (Id. ¶¶ 29, 43, 57, 70).  They also allege violations of the notice and wage statement requirements of the NYLL, along with specific concrete harm resulting from that lack of notice.  (Id. ¶¶ 30-34, 44-48, 58-62, 71-75).  Three of the plaintiffs allege that they did not receive spread-of-hours pay for days when they worked more than 10 hours.  (Id. ¶¶ 28, 42, 56).

## PROCEDURAL HISTORY

On November 2, 2023, plaintiffs served the initial Complaint on defendant Bouteraa by delivering the Summons and Complaint to defendant's co-worker, Iannes Zedad, at Dar Yemma, defendant's actual place of business.  (ECF No. 9).  A copy was then mailed to the same address on November 7, 2023.  (Id.)  Plaintiffs served defendant Dar Yemma on November 16, 2023, through an Authorized Agent in the Office of the Secretary of State of New York.  (ECF No. 10).  Neither defendant Bouteraa nor defendant Dar Yemma filed an answer or otherwise responded to the Complaint.

On February 8, 2024, plaintiffs filed the Amended Complaint.  (Am. Compl.).  Defendant Dar Yemma was served on February 23, 2024, again through service on the Secretary of State of New York.  (ECF No. 20).  According to the affidavit of the process server, he made several unsuccessful attempts on March 2, March 4, and March 18, 2024 to serve the Amended Complaint upon defendant Bouteraa at 1202 Astoria Boulevard, Apt. 3B, Astoria, NY 11102.  (ECF No. 21).  On March 27, 2024, unable to serve anyone at that location, the process server affixed a copy of the Amended Summons (ECF No. 19) and Amended Complaint to the door of the location; and, on the following day, March 28, 2024, he also mailed a copy of each to the same address, which he believed to be defendant's last known address, all in accordance with the

3

"nail and mail" procedure permitted under New York law. (ECF No. 21). See also N.Y. C.P.L.R. § 308(4). In his affidavit, the process server notes that he had been unable to confirm defendant Bouteraa's place of employment. (ECF No. 21).

Defendant Bouteraa was required to answer or otherwise respond to the Amended Complaint by April 17, 2024. (Id.) On April 16, 2024, defendant Bouteraa submitted a letter to the Court requesting an extension of time to find counsel. (ECF No. 22). The return address listed on defendant's letter was 1333 Shore District Dr., Austin, T.X. 78741. (Id.) Mr. Bouteraa also provided an email address and a telephone number. (Id.) On April 23, 2024, this Court granted an extension of time for defendants to file an answer until May 15, 2024. (ECF Order dated April 23, 2024).

On July 8, 2024, when neither defendant had filed an answer to the Amended Complaint by the May 15 deadline, and after numerous unsuccessful attempts by plaintiffs to contact defendants (ECF No. 24), plaintiffs filed a request for a certificate of default. (ECF No. 26). The Clerk then entered a default on July 10, 2024 as to both defendants. (ECF No. 27). According to plaintiffs' Affidavit of Service, dated July 11, 2024, notice of the default was served on defendant Bouteraa by first class mail addressed to his apartment in Astoria, with a separate mailing to his address in Austin, Texas, as well as service to Bouteraa's personal email address; the corporation was served by mail at the 2521 Steinway Street address. (ECF No. 28).

On July 18, 2024, defendant Bouteraa submitted a one-page letter asking for leave to file a motion to set aside the Clerk's entry of default. (ECF No. 29). The letter explained that "[a]s a resident of Texas, I did not receive the court papers at the address listed because I do not reside in New York City." (Id.) He further stated that he is representing himself in the matter and did not have an attorney, but upon learning of the entry of default, he "sought guidance to address

4

this issue promptly and properly." (Id.) In the letter, he claimed generally that he has "valid defenses" to plaintiffs' claims and is prepared to participate diligently in the proceedings. (Id.)

The district court, construing the Bouteraa letter to be a motion to vacate the default, referred the motion to the undersigned. (ECF Order dated July 25, 2024). Pursuant to a briefing schedule set by this Court, plaintiffs served a response to the motion to vacate, objecting to the request and arguing that Bouteraa had not only been properly served, but had failed to raise any meritorious defenses to the claims and had not provided any basis for excusing his failure to file a timely answer. (ECF No. 31 at 2-3).

Although defendant Bouteraa was given an opportunity (ECF No. 30) to file a reply in response to plaintiffs' letter, he did not file a reply. Accordingly, the Court issued a Report and Recommendation, dated November 15, 2024, giving him one final opportunity to formally move to vacate the Clerk's entry of default in this case. (ECF No. 34).[3] The Court recommended that if Bouteraa did not file a formal motion to vacate the default by December 2, 2024, his motion to vacate the default should be denied without prejudice. (Id.)[4] No objections were filed to the Court's Report and Recommendation, and Bouteraa did not request an extension of the deadlines set by the Court. He simply failed to respond. On December 20, 2024, the district court adopted this Court's recommendation and ruled that, "as Defendant Bouteraa failed to file a formal

---

[3] The Court's Report specifically warned that with respect to defendant Dar Yemma, corporations may not appear in federal court in the absence of counsel. See, e.g., Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (noting that "it is well-established that a corporation may not appear in the Second Circuit unless represented by counsel" (citing Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir.1967) (per curiam))). Thus, if defendants were to seek to vacate the default against Dar Yemma, they were advised that they must obtain counsel.

[4] Copies of the Court's Report and Recommendation, the docket sheet, and the Federal Pro Se Legal Assistance Flyer were sent to Bouteraa by email to his personal email address and mailed to his Austin address on November 15, 2024. Defendant never indicated that he did not receive these mailings. (ECF No. 35).

motion to vacate by December 2, 2024, the Court . . . denies Defendant's motion to vacate without prejudice." (ECF Order dated Dec. 20, 2024).

Plaintiffs received an extension of time until March 7, 2025 to move for default judgment. (ECF Order dated February 21, 2025). On March 5, 2025, plaintiffs filed their motion for default judgment (ECF Nos. 39-42), which was served on Bouteraa via first class mail and email (ECF No. 42), and the motion was referred to the undersigned on March 7, 2025. (ECF Order dated March 7, 2025).

On that same day, March 7, 2025, defendant Bouteraa submitted a "Renewed Motion to Vacate Default Judgment."[5] (Def. Mot.). That Motion to vacate was referred to the undersigned on March 10, 2025. (ECF Order dated March 10, 2025). When the referral orders, which had been mailed to Bouteraa's Austin address, were returned as undeliverable[6] (ECF Nos. 45, 46), this Court issued an Order dated September 8, 2025, directing the defendant to provide the Court with a proper address for service, and informing the defendant that the Court would otherwise recommend that the March 7, 2025, Motion to vacate be denied, and proceed to consider the plaintiffs' motion for default judgment. (ECF No. 47). This Order was sent to defendant by email and to his address at 12408 Dessau Rd., Apt. 5105, Austin, TX 78741—the address listed on his Renewed Motion to Vacate. (See Def. Mot. at 4). On September 22, 2025, defendant

---

[5] Although defendant's Motion seeks to vacate "Default Judgment," and relies on Rule 60(b) of the Federal Rules of Civil Procedure (see Def. Mot.), at this time, only a default has been entered; no default judgment has been issued.

[6] Several physical mailings to defendant were returned as undeliverable throughout the course of this litigation, as the addresses defendant provided were insufficient. Despite being aware of the case filed against him, defendant never made any proactive efforts to notify the Court of changes of address or residence. Defendant seems to have been in receipt of all documents emailed to him (namely, the Court's Order giving Bouteraa the option to file a reply in response to plaintiffs' motion for default judgment (ECF No. 30), the Court's earlier Report and Recommendation setting the new deadline and instructions for filing a formal motion (ECF No. 34), and the Court's Order compelling Bouteraa to provide a proper address for service (ECF No. 47)). Defendant has never indicated that he did not receive these filings, nor has he raised this issue as a basis for his current Motion to vacate.

6

submitted a Notice of Change of Address, indicating that items should be mailed to a Post Office Box in Austin, Texas. (ECF No. 48).

Given that defendant has once again sought to vacate the default, the Court considers that Motion here.

## DISCUSSION

I.  Motion to Vacate

Defendant Bouteraa asks the Court to "vacate the Clerk's Entry of Default and the Default Judgment entered against him," citing Federal Rule of Civil Procedure 60(b). (Def. Mot. at 1).

Rule 60(b), which applies to motions for relief from entry of judgment, provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifies relief.

Fed. R. Civ. P. 60(b). Although defendant Bouteraa does not specify on which subdivision he is relying in seeking to excuse his failure to comply with the Court's November 2024 Report and Recommendation and the district court's December 2024 Order, it appears that he is relying on subdivision (b)(1) since he argues that Rule 60(b) allows the Court to vacate a judgment, "based on mistake, inadvertence, surprise, excusable neglect, or other justifiable reasons." (Def. Mot. at

7

2).[7]

A motion under the Rule is committed to the sound discretion of the court, see Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986), and although courts have held that the Rule should be liberally construed so as to do "substantial justice," see MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir. 1996); Seven Elves, Inc. v. Eskenazi, 635 F. 2d 396, 401 (5th Cir. 1981), the Rule provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.  See Rinieri v. News Sydicate Co., 385 F.2d 818, 822 (2d Cir. 1967); see also Ben Sager Chems. Int'l, Inc. v. E. Targosz & Co., 560 F.2d 895, 809 (7th Cir. 1977); Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969).  The party making the motion must provide evidence that is "'highly convincing,'" as well as establish "good cause for the failure to act sooner, and that no undue hardship be imposed on other parties."  Jedrejcic v. Croatian Olympic Comm., 190 F.R.D. 60, 77 (E.D.N.Y. 1999) (citing Gonzalez v. Gannett Satellite Info. Network, Inc., 903 F. Supp. 329, 331 (N.D.N.Y. 1995), aff'd, 101 F.3d 109 (2d Cir. 1996).

Here, the district court previously adopted the Court's November 2024, Report and Recommendation and sissued a ruling that defendant Bouteraa had failed to comply with the requirements of Local Rule 7.1 and then failed to respond to the directive to file a formal motion to vacate by December 2, 2024.  (ECF Order dated December 20, 2024, adopting Report and Recommendation, ECF No. 34).  However, the district court did not enter a default judgment; it merely denied defendant's motion to vacate without prejudice to renew it.  In other words, there is no default judgment to reconsider under Rule 60(b), despite defendant's request that the Court "vacate the Clerk's Entry of Default and the Default Judgment entered against him."  (Def. Mot.

---

[7] It is clear that defendant is not claiming there is newly discovered evidence or fraud, or that the judgment is void, or has been satisfied in any way.  See Fed. R. Civ. P. 60(b)(2), (b)(3), (b)(4), and (b)(5).

8

at 1). Indeed, despite citing the Rule 60(b) reconsideration standard, defendant titles his Motion a "Renewed Motion" and asks the Court to "allow this renewed motion to be considered on its merits," noting that the denial of his previous motion, which was a "Response to Clerk's Entry of Default" (ECF No. 29), "was without prejudice." (Def. Mot. at 2).

Moreover, defendant never objected to this Court's earlier Report and Recommendation, nor did he move for reconsideration of the district court's Order adopting that Report, which he could have done within 14 days of the Order being entered, pursuant to Local Rule 6.3.

Given the above, the Court construes defendant's current Motion as a renewed motion to vacate the Clerk's entry of default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Rule 55(c) permits the Court to set aside an entry of default for good cause. The standard for doing so is less rigorous than the "excusable neglect" standard for setting aside a default judgment by motion pursuant to Rule 60(b). Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). However, even under the more lenient standard of Rule 55(c), the Court finds that defendant Bouteraa has failed to demonstrate good cause for setting aside the entry of default.

A. Legal Standard – Fed. R. Civ. P. 55

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for an entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. Id. Second, after the Clerk of Court enters a default against a party, if that party fails to appear or

9

otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment.  See Fed. R. Civ. P. 55(b).

The main factors for the Court to consider in determining whether vacatur is appropriate after the first step under Rule 55 are whether the default was willful, whether a meritorious defense is present, and whether setting the default aside would prejudice the adversary.  Shariff v. Amanda Realty, Inc. No. 11 CV 2547, 2013 WL 5522444 at *6 (E.D.N.Y. Sept. 30, 2013) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d at 96, and Meehan v. Snow, 652 F.2d at 277).  Other relevant equitable factors may also be considered, including, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result.  See Enron Oil Corp. v. Diakuhara, 10 F.3d at 96.  The party seeking relief from an entry of default bears the burden of proof.  Aetna Life Ins. Co. v. Licht, No. 03 CV 6764, 2004 WL 2389824, at *3 (S.D.N.Y. Oct. 25, 2004) (quoting In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985)).  Defaults are not favored, however, and doubts are to be resolved in favor of a trial on the merits.  Meehan v. Snow, 652 F.2d at 277 (citing Klapprott v. United States, 335 U.S. 601 (1949).

For the reasons discussed below, Bouteraa's Motion to vacate fails to establish the elements necessary to show "good cause" under Rule 55(c).  The good cause analysis under Rule 55(c) is more lenient than the "excusable neglect" standard under Rule 60(b), which Bouteraa incorrectly cites in moving to vacate the Clerk's entry of default.  Thus, the Court would recommend denial of Bouteraa's Motion even if he had properly moved under Rule 60, which incorporates the good cause requirement.  See Jedrejcic v. Croatian Olympic Comm., 190 F.R.D. at 77.

B. <u>Analysis</u>

In determining whether vacatur of the Clerk's entry of default is appropriate, the Court considers whether the default was willful, whether a meritorious defense is present, and whether setting the default aside would prejudice the adversary. <u>Shariff v. Amanda Realty, Inc.</u>, 2013 WL 5522444 at *6 (citing <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d at 96, and <u>Meehan v. Snow</u>, 652 F.2d at 277).

1. <u>Willfulness</u>

The test for willfulness is not simply whether a defendant was properly served and failed to respond. Instead, the relevant inquiry for determining willfulness relates to the defaulting party's actions "after it became aware of the existence of the litigation or entry of default." <u>Prestige Capital Corp. v. Fuber LLC</u>, No. 16 CV 9577, 2017 WL 2558803, at *2 (S.D.N.Y. June 5, 2017) (citing <u>Swarna v. Al-Awadi</u>, 622 F.3d 123, 142-43 (2d Cir. 2010)); <u>In re FKF 3, LLC, v. Messer</u>, 501 B.R. 491, 501-03 (S.D.N.Y. 2013) (finding that despite the defaulting parties' admittance of awareness of the action, proper service, and the defaulting parties' failure to timely respond to the motion for default judgment, their actions, "while negligent, [did] not rise to the level of willfulness").

Willfulness is "more than mere[] neglect or carelessness." <u>Aetna Life Ins. Co. v. Licht</u>, 2004 WL 2389824, at *4 (finding defendant's explanations for letting the case "languish" plausible and acceptable); <u>see also</u> <u>Swarna v. Al-Awadi</u>, 622 F.3d at 143 (holding that willfulness "requires something more than mere negligence, such as egregious or deliberate conduct") (internal quotation marks and citation omitted). A finding of willfulness does not require that the default occurred due to bad faith, but the default must be the "deliberate and intended consequence of movant's actions." <u>Aetna Life Ins. Co. v. Licht</u>, 2004 WL 2389824, at *4 (citing <u>Gucci Am., Inc. v. Gold Ctr. Jewelry</u>, 158 F.3d 631, 635 (2d Cir. 1998)). "Conduct

11

may be found to be willful where it is egregious, not satisfactorily explained, or is rationalized by flimsy excuse." Id; see also Kuklachev v. Gelfman, No. 08 CV 2214, 2009 WL 497576, at *3 (E.D.N.Y. Feb. 26, 2009) (finding willfulness where defendants "took a calculated risk that the case would be resolved in their favor" and pursued insurance coverage and dismissal of plaintiffs' claim in lieu of answering another defendant's cross claims); S.E.C. v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998) (finding willfulness where no explanation of defendant's conduct was provided, and defendant's counsel acknowledged defendant's "outright disregard" towards warnings of default).

In defendant's March 7, 2025, Motion, defendant asks the court to "[r]econsider its previous ruling and vacate the Entry of Default and Default Judgment," and grant the defendant 14 days to file an answer to the Amended Complaint. (Def. Mot. at 4). He explains that he is "request[ing] reconsideration due to unforeseen personal life events that prevented him from responding in a timely manner." (Id. at 2). He further states that he "faced significant personal hardships that affected his ability to secure legal counsel[8] and properly prepare his motion." (Id.) Although he apologizes for the delay and claims he was not "attempt[ing] to delay or evade the judicial process" (id.), he offers no details whatsoever to explain what personal issues he faced that prevented him from submitting a simple letter to the court asking for more time. He acknowledges his "previous efforts to communicate with the Court" (id. at 3), but does not explain why he could not have emailed, called, or otherwise communicated with the court.

As noted supra, the Court looks to defendant's conduct after defendant became aware of the existence of the litigation or the entry of default. Caleb & Brown Pty. Ltd. v. Thompson, No. 20 CV 8612, 2021 WL 4226183, at *3 (S.D.N.Y. Sept. 16, 2021) (citing Parisienne v.

---

[8] As noted infra, defendant has still not secured legal counsel, almost eight months later.

12

Heykorean, Inc., No. 19 CV 2257, 2019 WL 6324632, at *2 (S.D.N.Y. Nov. 26, 2019)). Bouteraa has been aware of this lawsuit since at least April 16, 2024, the day before his Answer was due, because he submitted a letter requesting an extension of time to find counsel and respond to the Complaint. (ECF No. 22). Although the Court granted that request and gave him an additional 30 days to answer, nothing was filed and defendant was not heard from for over a month and a half, despite plaintiffs' efforts to contact him. (ECF No. 24).

Defendant next contacted the Court on July 18, 2024, a week following the Clerk's entry of default on July 11, 2024. (ECF No. 29). In his letter, which the district court construed as a motion to vacate, his only explanation as to why he had not responded was that he had not received the court papers at the address listed because he no longer resided in New York. (Id.) Although plaintiffs objected to the motion to vacate (ECF No. 31), and defendant was given time to file a reply (ECF No. 30), once again, he failed to contact the Court.

On November 15, 2024, this Court then issued its Report and Recommendation, denying the motion to vacate but giving defendant one more opportunity to move to vacate along with explicit instructions as to what he needed to do to justify vacatur. (ECF No. 34). As noted, supra, the Court gave defendant until December 2, 2024 to file a formal motion to vacate, and not only mailed the November 15, 2024, Report and Recommendation to defendant's then-address in Texas, but also transmitted the Report electronically to him through his email address. Indeed, not only has defendant never claimed that he failed to receive notice of this Court's Report and Recommendation, which was sent to his email address and never returned as undelivered, but following the district court's Order adopting the Report and Recommendation on December 20, 2024, another two and a half months passed with no word from defendant. However, a mere two days after plaintiffs filed their motion for default judgment, and one day

13

after the motion was served via email, defendant suddenly resurfaced and submitted his renewed Motion to vacate. Inexplicably, defendant failed to contact the court for over three months, but then managed to ask for relief from the Clerk's entry of default, preparing and then sending in his renewed Motion only a day after the plaintiffs' motion for default judgment was served on him. (ECF No. 42). While defendant claims that his "previous efforts to communicate with the Court further demonstrate that he did not willfully ignore this case," he in fact made no effort to communicate with the Court other than his motions to vacate and his notice of change of address, the latter of which was compelled by the Court. (ECF No. 47).

Based on the totality of the circumstances and the pattern demonstrated by defendant's past conduct of asking for time, ignoring court deadlines, and waiting until the last minute to request relief, the Court finds defendant Bouteraa's default to be willful. Defendant has been aware of this lawsuit for over a year and a half. He is clearly aware of his obligation to respond to plaintiffs' claims and he has demonstrated that he is able to communicate with the Court—when he chooses—as evidenced by his motion for an extension of time to answer and two motions to vacate the default.

The Court's conclusion is buttressed by defendant's failure to comply with the instructions set out in this Court's earlier Report and Recommendation, filed November 15, 2024 (ECF No. 34). In that Report and Recommendation, the Court explained in detail what the defendant needed to do in order to file a motion to vacate the default. (Id. at 5-7).[9] Defendant was not only advised of the requirements of Local Rule 7.1(a), including the need to file a memorandum of law with cases and authorities, and the requirement to file supporting affidavits and exhibits containing factual information in support of the motion (id. at 5), but the Report and

---

[9] This Report was emailed to defendant, which has proven to be the one consistently successful method of service in this case. Defendant has never indicated that he did not receive the Court's instructions.

Recommendation further set out the main factors that the court considers in determining whether vacatur is appropriate: 1) whether the default was willful; 2) whether setting aside the default would prejudice the adversary; 3) whether defendants could present a meritorious defense; and 4) whether the failure to answer the Complaint in a timely manner was a mistake made in good faith. (Id. at 6).

Despite these instructions, and despite defendant being given ample opportunity to explain to the Court why the default should be vacated, defendant's most recent Motion to vacate continues to be woefully deficient in its lack of specific facts and authority in support of vacatur. Defendant's vague and unsupported assertion that he faced "significant personal hardships" (Def. Mot. at 2) that prevented him from obtaining counsel, without any details about what those hardships entailed or any explanation as to why he could not have simply submitted a one-paragraph letter or email to the court asking for more time, continue to be insufficient to establish good cause.

The Court's Report and Recommendation further noted that although Bouteraa's letter of April 16, 2024 sought an extension of time to answer in order to allow him to secure counsel, he failed to "address specific steps, if any, that he took to find an attorney" after the notice of default was filed, nor did he explain what his meritorious defenses might be. (ECF No. 34 at 7). The Court had noted that to justify vacatur, the party seeking to vacate the default must "present[] evidence of facts that, 'if proven at trial, would constitute a complete defense.'" (Id.) Although the Report explicitly advised that defendant needed to provide specific information regarding his efforts to obtain counsel, like his initial letter motion, defendant's current letter Motion has provided no details as to what steps he has taken to find an attorney. Had defendant taken prompt steps to become represented by counsel, the Court would be more inclined to find that his

15

default was also not willful. See, e.g., Trisura Ins. Co. v. Bighorn Constr. & Reclamation, LLC, No. 23 CV 11053, 2024 WL 1658853, at *4 (S.D.N.Y. Apr. 17, 2024) (finding that defendant's failure to answer was not willful because defendant sought new counsel after learning of the unavailability of their originally sought counsel). Yet, despite claiming back in July 2024 that his personal circumstances had prevented him from obtaining counsel and that he "immediately sought guidance" upon learning of the Clerk's entry of default (ECF No. 29), it appears defendant still does not have representation, nor has he provided, as directed, details of his efforts to obtain counsel.

The "outright disregard" of the court's orders shown by defendant in this case provides additional support for a finding that the default was willful. See S.E.C. v. McNulty, 137 F.3d at 739; see also Dixon v. Ragland, No. 03 CV 0826, 2005 WL 2649484, at *2 (S.D.N.Y. Oct. 14, 2005) (finding willfulness where defendants offered no explanation for their failure to respond to the complaint); Dominguez v. United States, 583 F.2d 615, 618 (2d Cir. 1978) (finding that counsel's 10-month delay in seeking to vacate a dismissal could not be characterized as excusable neglect), cert. denied, 439 U.S. 1117 (1979). Given the totality of the circumstances, the Court finds that, to the extent that defendant is now attempting to show good cause or claiming "excusable neglect"[10] due to personal circumstances, defendant has not demonstrated that his failure to timely contact the court was justified or not willful.

If willfulness were the only factor to be considered in determining whether to vacate a default, the Court would have no hesitation in recommending that the Motion to vacate be denied. However, the Court is constrained to consider the two remaining factors: whether

---

[10] As discussed, the Court is not applying the "excusable neglect" standard Bouteraa cites, but rather the "good cause" analysis prescribed by Federal Rule 55(c).

16

defendant has made a showing that he has a meritorious defense to the claims and whether there will be prejudice to plaintiffs if the default is vacated.

        2.  Meritorious Defense

To demonstrate a sufficiently meritorious defense, which is the second prong of the 55(c) good cause analysis, "the defendant need not establish his defense conclusively . . . but he must present evidence of facts that, if proven at trial, would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d at 740 (internal quotation marks and citations omitted). In other words, the defendant must show that there is some determination to be made by the factfinder. American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). Although the proffered defense "need not be ultimately persuasive at this stage," id., "defendants cannot simply assert in a conclusory fashion that they would prevail at trial." Aetna Life Ins. Co. v. Licht, 2004 WL 2389824, at *4. Moreover, the defendant "need only establish a defense to at least one claim – not every claim pled in the complaint." Wildflower + Co. v. Mood Apparel, Ltd., 338 F.R.D. 192, 198 (S.D.N.Y. 2021).

Even if defendant had demonstrated that his default was not willful, defendant's current Motion still fails to satisfy the requirements for demonstrating a meritorious defense to the claims against him.

As in his initial letter, Bouteraa has only asserted, without any factual support or even a sworn statement, that he has meritorious defenses to the plaintiffs' claims. (Def. Mot. at 3). He simply states that he "did not engage in the alleged violations, and the plaintiffs have not provided credible evidence to support their claims." (Id.) If this were defendant's first attempt to file a motion to vacate the default, the Court would be inclined to ignore defendant's failure to provide any factual evidence in support of his Motion and give him a second chance to submit the necessary information. However, he has already had that second chance; defendant was not

17

only advised of the need to submit more than simple, unsupported assertions, but he was given an extension of time to comply, and failed to respond at all for almost four months after the Court's earlier Report was filed. His current Motion simply rehashes, in four pages rather than one, the same arguments asserted originally, without providing any of the information as detailed in the Court's earlier Report.

Finally, defendant's bald assertion that vacating the default will not unfairly prejudice the plaintiffs, and his claim that there has been no significant delay in the case that would impact plaintiffs' ability to present their case (id.), ignores the fact that this case has been pending for two years at this point. No answer has been filed; there has been no discovery, and there is no reason to believe that defendant will be any more diligent in responding to court orders and complying with his obligations going forward. More importantly, as this Court warned in its earlier Report and Recommendation, the corporate entity, Dar Yemma, remains in default because no attorney has appeared to represent it, and corporations cannot proceed in federal court without counsel. (ECF No. 34 at 8 (citing cases)).

The Court had warned in its earlier Report and Recommendation that defendant would have one final opportunity to formally move to vacate the default. (Id. at 8). Even though default is not favored, Meehan v. Snow, 652 F.2d at 277, defendant Bouteraa has not shown a serious intent to participate in litigating this case. Defendant bears the burden of proof in demonstrating that the Clerk's entry of default should be vacated, Aetna Life Ins. Co. v. Licht, 2004 WL 2389824, at *3, and he has not satisfied his burden.

Accordingly, having considered defendant's Motion seeking to set aside the Clerk's entry of default, this Court respectfully recommends that defendant's Motion be denied with prejudice,

but that defendant be granted two weeks to respond to plaintiffs' damages calculations in plaintiffs' motion for default judgment (ECF No. 39).

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within **fourteen (14) days** of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiffs are directed to serve this Report and Recommendation by **mail and email** to defendant Bouteraa, and to file proof of service on the docket immediately thereafter.

**SO ORDERED.**

Dated: Brooklyn, New York
  October 28, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York