UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JUAN GUZMAN RIOS, *et al.*,

                            Plaintiffs,

                                                    **ORDER DECLINING TO ADOPT**
            - against -                             **REPORT AND RECOMMENDATION**
                                                    23-CV-8036 (PKC) (PCG)
DAR YEMMA CORP. *et al.*,

                            Defendants.
---------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiffs Juan Guzman Rios, Bryan Steven Rojana Ciudadania, Yamna Enmar, and Mohamed Fekkak brought this action against Defendants Dar Yemma Corp. and Saber Bouteraa ("Bouteraa"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207(a)(1), 216(b) ("FLSA"), the New York Labor Law, N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and the supporting New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. §§ 137-1.3 et seq., 142-2.4, 146.  (Am. Compl., Dkt. 13.)  After several months of attempting to contact Defendants in this action, (*see* 11/14/2025 Order Adopting Report and Recommendation ("R&R")), Plaintiffs requested a certificate of default, (Dkt. 26), which the Clerk of Court entered, (Dkt. 27).  On March 5, 2025, Plaintiffs moved for default judgment ("Default Judgment Motion").  (Dkt. 39.)[1] The Court referred the Motion to the Honorable Magistrate Judge Cheryl L. Pollak.  (03/10/2025 Dkt. Order Referring Motion); 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to refer certain pretrial matters to a magistrate judge).  At no point did Defendants oppose Plaintiffs' Default Judgment Motion.

---

[1] Defendant Bouteraa moved, unsuccessfully, to vacate the entry of default, (*see* Def.'s Mot. to Vacate Entry of Default, Dkt. 29; 11/14/2025 Order Adopting R&R (adopting recommendation to deny this motion)).

On January 21, 2026, the Honorable Peggy Cross-Goldenberg,[2] Magistrate Judge, issued

an R&R recommending that the Court grant Plaintiffs' Default Judgment Motion and award:

1)  Plaintiff Rios "$42,963.60 in unpaid overtime wages, $4,088.70 in spread-of-hours-pay, $1,333.33 in unpaid regular wages, $48,385.63 in liquidated damages, and $10,000 in statutory damages" (comprised of $5,000 for Defendants' failure to provide a wage notice at the time of hiring, and $5,000 for Defendants' failure to provide wage statements with each payment of wages);

2)  Plaintiff Ciudadania "$6,988.27 in unpaid overtime wages, $481.95 in spread-of-hours pay, $800 in unpaid regular wages, $8,270.22 in liquidated damages, and $10,000 in statutory damages" (comprised of $5,000 for Defendants' failure to provide a wage notice at the time of hiring, and $5,000 for Defendants' failure to provide wage statements with each payment of wages);

3)  Plaintiff Enmar "$5,142 in unpaid overtime wages, $257.10 in spread-of-hours pay, $3,000 in unpaid regular wages, $8,399.10 in liquidated damages, and $10,000 in statutory damages" (comprised of $5,000 for Defendants' failure to provide a wage notice at the time of hiring, and $5,000 for Defendants' failure to provide wage statements with each payment of wages); and

4)  Plaintiff Fekkak "$8,172.60 in unpaid overtime wages, $3,600 in [unpaid regular wages[3]], $11,772.60 in liquidated damages, and $10,000 in statutory damages" (comprised of $5,000 for Defendants' failure to provide a wage notice at the time of hiring, and $5,000 for Defendants' failure to provide wage statements with each payment of wages).[4]

---

[2] Judge Cross-Goldenberg was reassigned this case from Judge Pollak.  (01/14/2025 Dkt. Entry.)

[3] Although the R&R states that this $3,600 figure represents spread-of-hours pay, this appears to be a typographical error, as elsewhere the R&R states that Plaintiff Fekkak does not seek spread-of-hours compensation, but instead seeks unpaid wages for the last three weeks of his employment.  (R&R, Dkt. 53, at 24, 28.)

[4] The Court respectfully points out another typographical error on page 24 of the R&R, which states that Plaintiff Fekkak should be awarded "$29,593.60 for the alleged violations of the NYLL," including unpaid overtime wages, unpaid wages, and statutory damages.  (R&R, Dkt. 53, at 24.)  That figure should be $21,772, reflecting the $11,772.60 in unpaid overtime wages and unpaid wages added to the $10,000 in statutory damages.  Elsewhere, however, the R&R reiterates that Plaintiff Fekkak is owed "$8,172.60 in unpaid overtime wages, $3,600 in spread-of-hours pay" and "$10,000 in statutory damages."  (*Id.* at 28.)

(*See* R&R, Dkt. 53, at 16, 19, 21, 22, 24, 28–29.)  The R&R also recommended that "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent," and Plaintiffs "shall have the right to collect attorney's fees and costs incurred in enforcing" the judgment.  (*Id.* at 28 (quoting N.Y. Lab. Law §§ 198(4), 663(4)).)  Judge Cross-Goldenberg warned that "objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report."  (*Id.*)  On February 4, 2026, Defendant Bouteraa, acting *pro se*, filed an objection to the R&R purportedly on behalf of himself and Defendant Dar Yemma Corp.  (Def.'s Opp'n to R&R, Dkt. 54.)  However, because an LLC cannot represent itself, *see Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983), the Court attributes the objections to Bouteraa only.

After a careful review of the R&R, the parties' filings, and the record, the Court adopts the R&R's findings on liability, except as to Defendants' liability to Plaintiff Fekkak for unpaid overtime wages under FLSA and NYLL, because the Court finds that Plaintiff Fekkak has not sufficiently alleged that he was entitled to such pay.  The Court also adopts the R&R's findings as to damages, except as to Plaintiff Fekkak's liquidated damages and unpaid overtime wages, in light of the Court's findings on liability.  The Court also declines to adopt the R&R's grant of $5,000 in statutory damages to Plaintiffs Enmar and Ciudadania, for Defendants' failure to provide a wage notice at the time of hiring, N.Y. Lab. Law §§ 195(1)(a), 198(1-b), because it finds that they failed to work the requisite number of days to receive that amount.  Accordingly, the Court remands the case to Judge Cross-Goldenberg for a re-determination of damages owed to Plaintiff Fekkak, if any, and for a re-determination of Plaintiffs Ciudadania and Enmar's entitlement to

statutory damages under N.Y. Lab. Law §§ 195(1)(a), 198(1-b), consistent with this decision. No judgment shall issue until this issue is resolved.

**STANDARD OF REVIEW**

**I.     Determining Appropriate Standard of Review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to an R&R, the Court must conduct a *de novo* review of the contested sections of the report. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *Clune v. Barry*, No. 16-CV-4441 (NSR) (JCM), 2024 WL 4266439, at *2 (S.D.N.Y. Sep. 23, 2024).

But not every objection triggers *de novo* review. A party must provide "*specific* written objections to the proposed findings and recommendations," *see* Fed. R. Civ. P. 72(b)(2) (emphasis added), otherwise, a district court "need only satisfy itself that there is no clear error on the face of the record," *see Wilds*, 262 F. Supp. 2d at 169 (citation omitted). Objections "devoid of any reference to specific findings" and "unsupported by legal authority" do not warrant *de novo* review. *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Missere v. St. John's Univ.*, No. 15-CV-0771 (JMA) (AYS), 2018 WL 1701946, at *1 (E.D.N.Y. Mar. 31, 2018) (finding that a plaintiff's "cursory arguments on each of these points, which are largely devoid of citations to any authority, do not constitute specific reasoned objections and, thus, are insufficient to trigger de novo review"). Nor may a litigant levy objections to an R&R to "mop[] up any inadvertent omissions" in response to the disputed motion. *Gutman v. Klein*, No. 03-CV-1570 (BMC) (RML), 2010 WL 4916722, at *5 (E.D.N.Y. Nov. 24, 2010), *aff'd*, 515 F. App'x 8 (2d Cir. 2013); *Rosenberg v. Lashkar-e-Taiba*, No. 10-CV-5381 (DLI) (CLP), 2017 WL 11647006, at *4 (E.D.N.Y. Mar. 31, 2017) ("[N]ew arguments and factual assertions cannot properly be raised for

4

the first time in objections to the [R & R], and indeed may not be deemed objections at all." (second alteration in original) (quoting *Hill v. Miller*, No. 15-CV-6256 (KMW) (JCF), 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016))); *Oxford Techs., Inc. v. E./W. Indus., Inc.*, No. 1:18-CV-1992 (ADS) (ARL), 2019 WL 4291584, at *2 (E.D.N.Y. Sep. 11, 2019) (compiling cases). Finally, an objection that "simply reiterates" a prior argument does not warrant *de novo* review. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citation omitted).

## II.    Clear Error Standard Applies

Here, Bouteraa raises five cursory objections to the R&R. First, Bouteraa asserts that the default judgment was improper because the R&R failed to consider whether Defendants' failure to appear was due to "excusable neglect, lack of notice, or improper service." (Def.'s Opp'n to R&R, Dkt. 54, at 1.) Second, Bouteraa claims that the R&R's imposition of damages— specifically, spread-of-hours pay and Wage Theft Prevention Act ("WTPA") statutory damages— is based on insufficient proof and relied on "uncorroborated declarations." (*Id.* at 1–2.) Third, Bouteraa charges that the R&R awarded liquidated damages "without adequate analysis" and without Plaintiffs demonstrating "lack of good faith." (*Id.* at 2.) Fourth, Bouteraa claims that the R&R failed to "make individualized findings regarding employer status or operational control necessary to impose joint and several liability." (*Id.*) Fifth, and finally, Bouteraa argues that the "automatic 15% increase" upon nonpayment of damages was "punitive and premature." (*Id.*)

The Court finds that Bouteraa's objections are insufficient to warrant *de novo* review of the R&R, even in light of his *pro se* status. Bouteraa's first objection appears to be an argument for relief from a final judgment due to "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1); *see, e.g.*, *DCH Auto Grp. (USA), Inc. v. Fit You Best Auto., Inc.*, No. 05-CV-2973 (NG) (JMA), 2007 WL 2693848, at *3 (E.D.N.Y. Sep. 12, 2007) (arguing lack of notice as a form of excusable neglect). Bouteraa previously raised this argument—and the Court rejected it as meritless, and as premature,

5

because no default judgment had been entered.  (R&R, Dkt. 50, at 7–19; 11/14/2025 Order Adopting R&R.)  Bouteraa does not elaborate on this argument now, nor explain why it is in any way responsive to the R&R.  As to the second objection, Bouteraa had an opportunity to object to Plaintiffs' recommended damages and supporting documentation regarding the hours they worked and wages they received, but failed to do so.  (*See generally* Aff. in Supp Pls.' Mot. for Default J., Dkt. 40 (providing affidavits as to the hours worked and manner of calculating damages); R&R, Dkt. 53, at 12.)  The Court accordingly declines to consider this argument an objection.[5]  Finally, Bouteraa's third, fourth, and fifth objections are entirely conclusory and devoid of support.

Thus, the Court reviews the R&R for clear error.  A decision is "clearly erroneous" when the Court, "upon review of the entire record, [is] 'left with the definite and firm conviction that a mistake has been committed.'"  *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

## DISCUSSION

Based on its review of the R&R and the relevant case law, the Court adopts the R&R, except as to its (1) determination of Defendants' liability as to Plaintiff Fekkak for unpaid overtime wages, and (2) imposition of statutory damages under the WTPA as to Plaintiffs Enmar and Ciudadania for Defendants' failure to provide a wage notice at the time of hiring.[6]  The Court

---

[5] Although the principle that "courts generally should not consider new arguments raised in R&R objections" is a "judge-made rule" to be applied with regard to the specific circumstances of a case, *Oxford Techs*, 2019 WL 4291584, at *2 (quoting *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 123 (2d Cir. 2015)), the Court finds its application appropriate here.  It is beyond peradventure that Bouteraa is responsible for the waiver of any arguments.  *See id.* (applying the waiver rule "where the litigants themselves were responsible for the waiver of any arguments").  Although Bouteraa is *pro se*, he moved to vacate the Clerk's entry of default, and therefore was on notice and clearly capable of responding to Plaintiffs' Default Judgment Motion.  As the Court has noted, Bouteraa has a documented habit of flouting opportunities to provide responsive papers.  (*See* R&R, Dkt. 50, at 3–7.)

[6] The Court acknowledges that the R&R's findings regarding the amount of overtime and spread-of-hours damages that Plaintiffs are entitled to could have been better explained and

remands this matter to Judge Cross-Goldenberg for a re-determination of damages owed to Plaintiff Fekkak, if any, as well as to Plaintiffs Enmar and Ciudadania, consistent with this decision.

## I.  Defendants' Liability for Failure to Pay Unpaid Overtime Wages to Plaintiff Fekkak.

Under Rule 55, in deciding a motion for default judgment, a court "is required to accept all of the [plaintiff]'s factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "The fact that a complaint stands unanswered, however, does not suffice to establish liability on its claims." *Mateo v. Universal Language Corp.*, No. 13-CV-2495 (NGG) (JO), 2015 WL 5655689, at *4 (E.D.N.Y. Sep. 4, 2015) (citing *Greathouse*, 784 F.3d at 116 & n. 17); *see also Finkel*, 577 F.3d at 84 (explaining that a court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law"). "A default does not establish conclusory allegations, nor does it excuse any defects in the plaintiffs' pleading," *Mateo*, 2015 WL 5655689, at *4, such as contradictory allegations, *see Priestley v. Headminder, Inc.*, 647 F.3d 497, 506 (2d Cir. 2011); *Glob. Auto, Inc.*

documented.  For example, Plaintiff Ciudadania did not provide a supporting affidavit, and Plaintiffs' damages chart provides precise dates of employment despite the fact that Plaintiffs' affidavits and Complaint provide only approximate dates of when they worked.  (*Compare* Am. Compl., Dkt. 13, ¶ 7 (Plaintiff Rios averring that he worked "in or around" December 2022 to "in or around" October 2023), *with* Pls.' Damages Calculation Worksheet, Dkt. 40-12, at 2 (stating that Plaintiff Rios worked from December 1, 2022 to October 15, 2023, for precisely 45.29 weeks).)  Nonetheless, the Court finds that the R&R's determination of damages does not amount to clear error.  *See Harold Levinson Assocs., Inc. v. Chao*, 37 F. App'x 19, 20–21 (2d Cir. 2002) (summary order) (affirming principle that plaintiff need only present an "estimate of damages that is satisfactory as 'a matter of just and reasonable inference'" (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946))); *Sanchez v. Hyper Structure Corp.*, No. 19-CV-4524 (KAM) (PK), 2023 WL 2815717, at *10 (E.D.N.Y. Feb. 24, 2023) (accepting plaintiffs' proposed damages calculation—in the absence of specific allegations as to the exact days plaintiffs worked—where the plaintiffs' approximation of days worked was "reasonable"), *report and recommendation adopted as modified sub nom. Sanchez v. Trescly*, 2023 WL 2473070 (E.D.N.Y. Mar. 13, 2023); *Perez v. Mesa Azteca Corp.*, No. 23-CV-9374 (HG) (TAM), 2024 WL 5274641, at *9 (E.D.N.Y. Dec. 5, 2024) (relying on allegations in the complaint and information in a damages chart to calculate damages).

*v. Hitrinov*, No. 13-CV-2479 (PKC) (RER), 2021 WL 7367078, at *5 (E.D.N.Y. Aug. 20, 2021) (compiling cases denying motions for default judgment where allegations were contradictory), *report and recommendation adopted*, 2022 WL 593613 (E.D.N.Y. Feb. 28, 2022).  Thus, a party's default is only deemed an admission of all *well-pleaded* allegations of liability.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B & M Gen. Renovation Inc.*, No. 14-CV-7290 (MKB) (MDG), 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482 (Mar. 29, 2016).

The Court finds that the R&R clearly erred in finding that Plaintiff Fekkak had sufficiently alleged that he was entitled to overtime pay under FLSA and NYLL.  FLSA and NYLL require an employer to compensate an employee at a rate of "not less than one and one-half times the regular rate" if the employee is employed "for a workweek longer than forty hours."  29 U.S.C. § 207(a)(1); *see* 12 N.Y.C.R.R. § 142-2.2 (requiring an employer to "pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of . . . the Fair Labor Standards Act of 1938").  The Second Circuit has required a degree of "specificity" to state a claim under these statutes.  *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 114 (2d Cir. 2023) (citation omitted).  A plaintiff must allege "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Spiegel v. Estee Lauder Inc.*, No. 24-2089, 2025 WL 1288019, at *1 (2d Cir. May 5, 2025) (summary order) (explaining this pleading standard applies to FLSA and NYLL claims).  It is not enough to allege that "the plaintiff worked in excess of forty hours 'in some or all workweeks.'"  *Herrera*, 84 F.4th at 114. (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).  Of course, a plaintiff need not keep "'careful records' of the number of hours worked each

8

week or calculate and 'plead their hours with mathematical precision,'" provide "a week-by-week recounting of the hours they worked," or "list specific weeks during which [they] worked more than forty hours." *Id.* at 114–16 (quoting *Dejesus*, 726 F.3d at 90).  In short, a plaintiff must allege "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  *Id.* at 114–15 (quoting *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)).

Plaintiff Fekkak's allegations are not well-pleaded and thus cannot establish Defendants' liability for unpaid overtime wages under FLSA and NYLL.  Plaintiff Fekkak alleges that he "regularly worked five (5) days per week in or around October 2022 until in or around August 2023," for approximately 8 hours each day.  (*See* Am. Compl., Dkt. 13, ¶¶ 65–66.)  Yet Plaintiff Fekkak also alleges that during this same period he "regularly" worked a schedule in which he worked *five to six* days each week, and thus was "regularly required to work approximately forty (40) to forty-eight (48) hours or more per week."  (*Id.* ¶¶ 66–67.)  There are two issues with these allegations.

First, Plaintiff Fekkak's statement that he regularly worked five days a week for approximately eight hours fails to meet an element of FLSA and NYLL—that he regularly worked *in excess* of 40 hours without compensation.  *See Xiamen ITG Grp. Corp. v. Peace Bird Trading Corp.*, No. 19-CV-6524 (DLI) (ST), 2024 WL 5399245, at *15 (E.D.N.Y. Aug. 30, 2024) ("[F]actual allegations that contradict the elements of a cause of action preclude the entry of default judgment." (citing *Priestley*, 647 F.3d at 506)).  Moreover, this statement is immediately contradicted by the next paragraph, which alleges that Plaintiff Fekkak worked five to six days each week amounting to "approximately forty (40) to forty-eight (48) hours or more per week." (*Id.* ¶¶ 66–67.)  These directly contradictory statements cannot be reconciled and do not support

finding that Defendants are liable under FLSA or NYLL for unpaid overtime wages. *See Glob. Auto, Inc.*, 2021 WL 7367078, at *5 ("[A]n allegation is not well-pleaded if it is contradicted by the parties' own pleadings and submissions in support of default judgment.").

Second, even if the Court were to overlook these contradictions, Plaintiff Fekkak's allegations would still fail to state a claim for relief under binding Second Circuit law.  Because Plaintiff Fekkak claims that he regularly worked five to six days each week, it is unclear at what point during Plaintiff Fekkak's employment he worked only 40 hours per week—and thus was not entitled to overtime compensation—and at what point he worked 48 hours, as well as how often. (Am. Compl., Dkt. 13, ¶¶ 65–67.)   Plaintiff Fekkak's allegations are similar to those found deficient in *Lundy*.  In that case, the Second Circuit assessed a complaint in which one plaintiff alleged that she typically worked a 37.5-hour week and occasionally worked an additional 13.5-hour shift, but failed to state "how occasionally or how long," or even that she was uncompensated for this overtime.  *Lundy*, 711 F.3d at 114–15.[7]  These allegations, the *Lundy* court found, failed to "allege[] a single workweek in which [a plaintiff] worked at least 40 hours and also worked uncompensated time in excess of 40 hours."  *Id.* at 114.  Plaintiff Fekkak's allegations as to his hours worked are precisely the kind of claims that the Second Circuit has rejected—claims that "at some undefined period in their employment [plaintiffs] worked more than forty hours in a single

---

[7] Another plaintiff in that case alleged that she typically worked 30 hours each week, but twice a month, she "worked five to six shifts instead of four shifts, totaling between 37.5 and 45 hours."  *Id.* at 115 (internal quotation marks omitted).  The plaintiff failed to state that she was "denied overtime pay in a week where she worked these additional shifts."  *Id.*  Although this plaintiff alleged *some* uncompensated work, such as the fact that she "typically" worked through her 30-minute meal break and "often" worked two additional hours, the *Lundy* court found that these allegations did not state a plausible claim because it was unclear if she "missed *all* of her meal breaks, and *always* worked an additional 30 minutes before and two hours after her shifts," and that these occurred "in a week when she worked more than [30 hours]"—in other words, that she worked over 40 hours without compensation for overtime.  *See id.*

week." *Herrera*, 84 F.4th at 116–17.[8]  Because Plaintiff Fekkak has provided no way for the Court to determine how frequently he worked more than 40 hours in a single week, his allegations of liability are not well-pleaded.  *See Limauro v. Consol. Edison Co. of New York, Inc.*, No. 20-CV-3558 (CM), 2021 WL 1226872, at *2 (S.D.N.Y. Mar. 31, 2021) (determining complaint failed to state a claim under the NYLL because "there is no way to identify from the allegations which weeks [the plaintiff] was required to work more than forty hours.").

Accordingly, the Court declines to adopt the R&R's recommendation to find Defendants liable for unpaid FLSA and NYLL overtime wages as to Plaintiff Fekkak, and remands this issue to Judge Cross-Goldenberg for a re-determination of: (1) whether Plaintiff Fekkak is entitled to unpaid overtime wages; (2) if so, the amount of those unpaid overtime wages; and (3) either way, a recalculation of the amount of liquidated damages owed to Plaintiff Fekkak.

## II.    Imposition of Statutory Damages

The Court declines to adopt the R&R's award of the maximum amount of statutory damages, $5,000, for Defendants' failure to provide a proper wage notice at the time of hiring, N.Y. Lab. Law § 195(1).  (R&R, Dkt. 53, at 18–24.)[9]  New York's WTPA requires that an employer provide a notice, "at the time of hiring," containing, *inter alia*, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other . . . the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; [and] the telephone number of the employer." N.Y. Lab. Law § 195(1)(a).  Where, as

---

[8]  Plaintiff Fekkak's allegations thus stand in contrast to those of Plaintiffs Rios, Ciudadania, and Enmar, who allege that their regular workweek exceeded 40 hours.  (Am. Compl., Dkt. 13, ¶¶ 24, 38, 52.)

[9]  The Court finds no clear error—and thus adopts—the R&R's grant of $5,000 in statutory damages to Plaintiffs Ciudadania and Enmar for Defendants' failure to provide wage statements with each payment of wages, as required by N.Y. Lab. Law §§ 195(3), 198(1-d).

here, an employee is not provided a notice "within ten business days of his or her first day of employment," he or she may "may recover . . . fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." N.Y. Lab. Law § 198(1-b). In short, to warrant the maximum amount of statutory damages, a plaintiff must demonstrate he or she worked 100 days "after the first ten days of employment" without receiving a notice of pay. *See Romero v. Floris Constr., Inc.*, No. 1:16-CV-4282 (PKC) (RLM), 2017 WL 5592681, at *8 (E.D.N.Y. Nov. 20, 2017).

The R&R clearly erred in imposing $5,000 in statutory damages under N.Y. Lab. Law §§ 195(1)(a), 198(1-b) as to Plaintiffs Enmar and Ciudadania. Although these Plaintiffs attest that they did not receive wage notices at the time of hiring or during their employment, (Am. Compl., Dkt. 13, ¶¶ 45, 59), they do *not* allege that they worked over 100 days without these notices, *see* N.Y. Lab. Law § 198(1-b). Plaintiff Enmar avers that she worked seven days per week from September to October 2023. (*See* Am. Compl., Dkt. 13, ¶¶ 49, 51.) Plaintiff Ciudadania alleges he worked six days per week from August to October 2023. (*See id.* ¶¶ 35, 37.) Even in crediting Plaintiffs' proposed number of weeks worked, *see supra* n.6, Plaintiff Enmar would have only worked 60 days, and Plaintiff Ciudadania 64 days, well under the 100 days necessary to warrant maximum damages. (*See* Pls.' Damages Calculation Worksheet, Dkt. 40-12.) Accordingly, it was clear error to award these Plaintiffs the maximum statutory damages. *See Alvarado v. GC Dealer Servs. Inc.*, 511 F. Supp. 3d 321, 363 (E.D.N.Y. 2021) ("[S]ince neither [plaintiff] was employed by defendants for one hundred (100) workdays, they are not entitled to the maximum amount of statutory damages with respect to their claims under NYLL § 195(1).").[10]

_____

[10] The Court therefore declines to adopt the portion of the R&R imposing a 15% increase on "amounts [that] remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending,

12

**CONCLUSION**

For the reasons set forth in the R&R and this Opinion, the Court partially adopts and partially declines to adopt the findings of the R&R. The Court adopts the following liability and damages findings from the R&R:

(1)    Plaintiff Rios is entitled to $42,963.60 in unpaid overtime wages, $4,088.70 in spread-of-hours-pay, $1,333.33 in unpaid regular wages, $48,385.63 in liquidated damages, and $10,000 in statutory damages;

(2)    Plaintiff Ciudadania is entitled to $6,988.27 in unpaid overtime wages, $481.95 in spread-of-hours pay, $800 in unpaid regular wages, $8,270.22 in liquidated damages, and $5,000 in statutory damages (representing Defendants' failure to provide wage statements with each payment of wages, N.Y. Lab. Law §§ 195(3), 198(1-d));

(3)    Plaintiff Enmar is entitled to $5,142 in unpaid overtime wages, $257.10 in spread-of-hours pay, $3,000 in unpaid regular wages, $8,399.10 in liquidated damages, and $5,000 in statutory damages (representing Defendants' failure to provide wage statements with each payment of wages, N.Y. Lab. Law §§ 195(3), 198(1-d)); and

(4)    Plaintiff Fekkak is entitled to $3,600 in unpaid regular wages[11] and $10,000 in statutory damages.

The Court declines to adopt the R&R's finding that Plaintiffs Ciudadania and Enmar are entitled to the maximum amount of statutory damages under the WTPA, because they have not established that they worked over 100 days without receiving the required wage notices. The Court also declines to adopt the R&R's finding that Plaintiff Fekkak is entitled to $8,172.60 in unpaid

---

whichever is later." N.Y. Lab. Law § 198(4). If it had adopted Judge Cross-Goldenberg's recommended statutory damages calculation, the Court would be required to impose this penalty. *See id.* (requiring that "[a]ny judgment or court order awarding remedies under this section *shall provide*" this penalty (emphasis added)).

[11] As previously noted, although the R&R states that this $3,600 figure represents spread-of-hours pay, this appears to be a typographical error, as elsewhere the R&R states that Plaintiff Fekkak does not seek spread-of-hours compensation, but instead seeks unpaid wages for the last three weeks of his employment. (R&R, Dkt. 53, at 24, 28.)

overtime wages and 11,772.60 in liquidated damages, in light of his failure to allege that he worked more than 40 hours in a given workweek, *Herrera*, 84 F.4th at 114.

The Court remands this matter to Judge Cross-Goldenberg for a re-determination of: (1) whether Plaintiff Fekkak is entitled to unpaid overtime wages; (2) if so, the amount of those unpaid overtime wages; and (3) either way, a recalculation of the amount of liquidated damages owed to Plaintiff Fekkak. The Court also remands this matter for a re-calculation of the statutory damages, if any, Plaintiffs Enmar and Ciudadania are entitled to under N.Y. Lab. Law §§ 195(1)(a), 198(1-b). This case remains open, and no judgment shall issue until this issue is resolved.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 18, 2026
       Brooklyn, New York