UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JUAN GUZMAN RIOS, *et al.*,

                      Plaintiffs,

        - against -

DAR YEMMA CORP., *et al.*,

                      Defendants.

--------------------------------------------------------x

                                  **ORDER ADOPTING**
                      **REPORT AND RECOMMENDATION**
                         23-CV-8036 (PKC) (PCG)

PAMELA K. CHEN, United States District Judge:

The Court has reviewed Judge Cross-Goldenberg's well-reasoned Report and Recommendation ("R&R"), Dkt. 57, and adopts it in full, with two additions noted below. No objections to the R&R have been filed, and there is no clear error. *See* Fed. R. Civ. P. 72(b); *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (citation omitted)). The Court thus adopts the R&R in full, specifically its recommendations to award Plaintiff Yamna Enmar $3,000 in statutory damages under the Wage Theft Protection Act ("WTPA") for failure to provide wage notices, award Plaintiff Bryan Steven Rojana Ciudadania $3,200 in statutory damages under the WTPA for failure to provide wage notices,[1] deny Plaintiff Mohamed Fekkak's claim for overtime wages, and award Plaintiff Fekkak $3,600 in liquidated damages.

---

[1] Although the R&R's calculation of WTPA damages for failure to provide wage notices was not clearly erroneous, the Court highlights a tension between courts in this Circuit concerning how to calculate the number of days the wage notice violations "occurred or continue to occur." N.Y. Lab. Law § 198(1-b). Some courts only begin to calculate damages after the first ten days of employment, in seeming reliance on the statutory language imposing damages when an employee is not provided a notice "within ten business days of his or her first day of employment." *See id.*; *Asllani v. Hoti*, No. 19-CV-1106 (PGG) (RWL), 2020 WL 5439761, at *4 (S.D.N.Y. Sep. 10, 2020) ("Plaintiff worked for Defendants for sixteen weeks, or 112 days. . . . Because the statute

Accordingly, for the reasons stated in this Order and the Court's prior Order Adopting Report and Recommendations, (Dkt. 55), the Court grants Plaintiffs' Motion for Default Judgment, (Dkt. 39), in part and finds that:

1. Plaintiff Juan Guzman Rios is entitled to $42,963.60 in unpaid overtime wages, $4,088.70 in spread-of-hours pay, $1,333.33 in unpaid regular wages, $48,385.63 in liquidated damages, and $10,000 in statutory damages (representing Defendants' failure to provide wage statements with each payment of wages, N.Y. Lab. Law §§ 195(3), 198(1-d), as well as Defendants' failure to provide a wage notice at the time of hiring, *id.* §§ 195(1)(a), 198(1-b));

2. Plaintiff Ciudadania is entitled to $6,988.27 in unpaid overtime wages, $481.95 in spread-of-hours pay, $800 in unpaid regular wages, $8,270.22 in liquidated damages, and $8,200 in statutory damages (representing Defendants' failure to provide wage statements with each payment of wages, *id.* §§ 195(3), 198(1-d), as well as Defendants' failure to provide a wage notice at the time of hiring, *id.* §§ 195(1)(a), 198(1-b));

3. Plaintiff Enmar is entitled to $5,142 in unpaid overtime wages, $257.10 in spread-of-hours pay, $3,000 in unpaid regular wages, $8,399.10 in liquidated damages, and $8,000 in statutory damages (representing Defendants' failure to provide wage statements with each

---

provides up to ten days to provide a wage notice, the number of days for which a violation occurred here is 102 days." (citation omitted)); *Romero v. Floris Constr., Inc.*, No. 1:16-CV-4282 (PKC) (RLM), 2017 WL 5592681, at *8 (E.D.N.Y. Nov. 20, 2017) (explaining that a plaintiff was entitled to recover "$50 for each workday he did not receive a proper hiring notice . . . *after the first ten days of employment*" (emphasis added)); *cf. Hristova v. 3321 Astoria Inc.*, No. 17-CV-1633 (RER), 2018 WL 4006880, at *6 (E.D.N.Y. June 27, 2018) (declining to find wage notice violation where plaintiff did not work more than ten days). Other courts in this Circuit have imposed damages for the total number of days worked, without subtracting ten days. *See, e.g.*, *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474 (EK) (SJB), 2022 WL 940504, at *12 (E.D.N.Y. Jan. 25, 2022), *report and recommendation adopted*, No. 20-CV-3474 (EK) (SJB), 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022); *Nwajei v. E&E of Five Towns, Inc.*, No. 23-CV-5541 (JMA) (JMW), 2024 WL 3522108, at *12 (E.D.N.Y. July 9, 2024) (collecting cases), *report and recommendation adopted*, No. 23-CV-5541 (JMA) (JMW), 2024 WL 3520633 (E.D.N.Y. July 24, 2024).

payment of wages, *id.* §§ 195(3), 198(1-d), as well as Defendants' failure to provide a wage notice at the time of hiring, *id.* §§ 195(1)(a), 198(1-b)); and

4. Plaintiff Fekkak is entitled to $3,600 in unpaid regular wages, $10,000 in statutory damages (representing Defendants' failure to provide wage statements with each payment of wages, *id.* §§ 195(3), 198(1-d), as well as Defendants' failure to provide a wage notice at the time of hiring, *id.* §§ 195(1)(a), 198(1-b)), and $3,600 in liquidated damages.

Although not included in the R&R, the Court adds the following statutorily required interest provisions to the judgment: Plaintiffs are entitled to post-judgment interest under 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . [to] be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of judgment."  An "award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *See Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).  The Court therefore awards post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate established by 28 U.S.C. § 1961(a).[2] *See, e.g.*, *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *12 (E.D.N.Y. Aug. 29, 2022), *report and*

---

[2] Plaintiffs do not request pre-judgment interest in their Motion for Default Judgment, (*see generally* Mem. Supp. Default J., Dkt. 41), and therefore the Court declines to award such interest, (*see* R&R, Dkt. 53, at 26–27); *Juarez v. Precision Apparel, Inc.*, No. 12-CV-2349 (ARR) (VMS), 2013 WL 5210142, at *13 (E.D.N.Y. Sep. 13, 2013) (declining to award pre-judgment interest for this reason); *Tarazona v. Rotana Cafe & Rest. Inc.*, No. 16-CV-0076 (PK), 2017 WL 2271355, at *8 (E.D.N.Y. May 23, 2017) (same).

*recommendation adopted*, No. 20-CV-3848 (RRM) (RER), 2022 WL 4662247 (E.D.N.Y. Sep. 30, 2022).

Finally, "[i]f any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law §§ 198(4), 663(4); *see also Santana v. 82 Food Corp.*, No. 19-CV-4733 (SMG), 2020 WL 9814100, at *12 (E.D.N.Y. July 10, 2020) (interpreting this statutory language to apply to the total amount of judgment); *Diaz*, 2022 WL 4646866, at *13 (imposing this penalty in additional to the post-judgment interest award at the federal rate).

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 29, 2026
      Brooklyn, New York

4